# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF MINNESOTA

In Re: Sandra Lee Ford

Bky. Case No. 23-50435

Chapter 7

Debtor.

**SANDRA LEE FORD'S, ("DEBTOR"), RESPONSE TO ERIK AHLGREN'S ("TRUSTEE") MOTION TO COMPLEL TURNOVER OF ESTATE PROPERTY**

Debtor, comes now, through her undersigned counsel, for her response to Chapter 7 Trustee's Motion to Compel Turnover of Estate Property, states the following:

1) The facts underpinning this case could not be simpler.

2) After going through a tumultuous divorce and suffering from numerous medical ailments, Debtor filed Chapter 13 Bankruptcy on August 30, 2023.

3) Unable to get a Chapter 13 plan confirmed, Debtor converted her case from Chapter 13 Bankruptcy to Chapter 7 Bankruptcy on September 17, 2024.

4) Debtor's Chapter 7 Conversion is simple and routine.

5) Debtor suffered from an abusive relationship with her ex-husband for years. Debtor's ex-husband held debtors assets for nearly 2 years and refused to give them back to her. Debtor's ex-husband admitted he destroyed a lot of debtors property including burning some of it.

6) Debtor suffered from a traumatic and abusive relationship which left her with PTSD. In addition, Debtor suffers from numerous ailments including a cancer survivor and she has dementia. Simply put, Debtor struggles with her memory a lot.

7) On top of this, it has been over 1.5 years since Debtor filed Chapter 13 Bankruptcy.

8) According to the court docket, Trustee continued the 341 meeting a total of 4 times.

9) In the last 341 meeting debtor attended, Trustee specifically told debtor *he was looking for one more thing and one more thing only*. This corresponds with the LifeBack Lawyers recollection

of the same meeting wherein the lawyer from LifeBack relayed this request to the attorney of record at LifeBack. (**See Attached Exhibit A**).

10) Notice the request on Exhibit A gives no time frame whatsoever by trustee. Debtor promptly sent Trustee her American National Bank Account evidencing the payments she received from ex-husband since she filed the Chapter 13 Bankruptcy case.

11) Yet, on March 10, 2025, Trustee filed the instant motion to compel turnover of estate property demanding turnover now four additional items:

   A) The mailing address for Jeffrey Woodson;

   B) All credit card statements for June-August 2023;

   C) Bank statements and copies of deposits evidencing the Debtor's ex-husbands payments to Debtor pursuant to the divorce decree;

   D) Documentation of the payments to the contractor as described in her schedules.

12) Setting aside Debtor's position trustee lacks jurisdiction to claw back any of these transfers and/or payments (making one wonder what is the true purpose of these numerous and changing requests) here is Debtor's response to A-D:

13) **A) The mailing address for Jeffrey Woodson**: Debtor had already given trustee contact information for Jeffrey Woodson prior to the motion to compel turnover. Trustee possessed Mr. Woodson's telephone number and email address. We know this because debtor believes Trustee, or someone from trustee's office (Trustee employs his wife and other third parties Debtor is unaware of) called Mr. Woodson on April 1, 2025, the same day as the motion to compel was heard by the court and asked Mr. Woodson several questions including was Mr. Woodson married to debtor? Debtor has requested Trustee confirm it was his office but Trustee refuses to confirm this despite 3 requests to do so.

   Nevertheless, Debtor has provided Mr. Woodson's address to Trustee. This is despite, *In the last meeting debtor attended with Trustee, Trustee never asked for this information.*

14) **B) All credit card statements for June-August 2023**; Debtor had already communicated to Trustee she did not have the credit card statements for Chase Card Services. As is quite common knowledge amongst Debtors and Trustees, when a debtor files bankruptcy credit card companies soon thereafter close debtor's accounts. Debtor reported on her schedules payments made to Chase Card Services in June-August 2023 (Nearly two years ago; but no payments in that time frame to American Express). In fact, Debtor had been sued by American Express for non payment at the time she filed Chapter 13 Bankruptcy as she disclosed in her schedules.

2

Nevertheless, the few statements she had from American Express and the lawsuit have been provided to Trustee. Debtor did reach out to Chase and American Express and could not get them to send her statements on these accounts.

Debtor cannot remember exact dates but believed she reached out to Chase in later 2024 asking for the account statements for trustee. Chase stated the account was closed when the Chapter 13 Bankruptcy was filed and no account statements would be forthcoming. She also checked her house and could find no Chase statements.

However, as most Trustee's do, they used their powers as trustee and the information contained on the schedules to communicate with credit card companies. Here, the name, the address, and the account number for both Chase Card Services and American Express are in Debtors schedules easily available to Trustee.

***In the last meeting Debtor attended with Trustee, Trustee never asked for this information.***

15) **C) Bank statements and copies of deposits evidencing the Debtor's ex-husbands payments to Debtor pursuant to the divorce decree;** In the last meeting Debtor attended with Trustee, Trustee DID ask for this information (*with no time frame or clarity on time frame*)(**See Exhibit A**). Debtor DID provide Trustee her American National Bank Statements evidencing payments to Debtor from ex-husband since she filed the Chapter 13 Bankruptcy. Debtor has now also provided Wells Fargo statements evidencing where all the monies debtor ex paid her.

Debtor received a total of $38,000.00 from ex-husband (a compromised amount after the divorce was finalized). Trustee has these bank statement evidencing the deposit of these funds. There are no more statements to provide.

16) **D) Documentation of the payments to the contractor as described in her schedules;**

In Debtor's last meeting with Trustee, Trustee never requested this. The account has been closed. Debtor has requested this information from the bank and is waiting to hear back. Debtor heard back. This was a joint account with her ex-husband and ex-husband locked her out of it.

However, Debtor since did recall the sequence of the money paid to contractor. It turns out, Allstate sent Debtor a check for repairs to her house (Which AllState was covering) and Debtor signed the check over to the contractor.

In short, Debtor provided Trustee with Trustee's new demand for Woodson's address despite having Woodson's contact information. Debtor provided Trustee with whatever credit card statements she has access to. In connection therewith, Trustee had access to the names of the credit card companies, their addresses, and their account numbers this whole time. Debtor already provided Trustee with the American National Bank Statements once and then again after Trustee filed this motion. Finally, Debtor has requested the bank in Wyoming MN provide information on a closed account. Trustee knows the bank and where it is located. Then, Debtor realized that AllState sent her a check she took and signed over the contractor.

3

Trustee should make sure his requests for information are a) made, and b) made with clarity as to timelines. After the motion to compel hearing on April 1, 2025, Trustee, once again, tried to expand what he is looking for. Debtor believes Trustee is disorganized and not clear in his requests for information. Debtor prefers to provide the information Trustee purportedly wants in his motion to compel set for hearing on April 1, 2025 before any new demands for information are made.

While debtor is trying to comply with Trustee's requests for information, Trustee seems to be moving the goal post on Debtor several times. Debtor will be monitoring this closely to see what, if any, purported clawbacks can be performed by this trustee in a converted case.

This court should deny Trustee's motion to compel since Trustee has received what Debtor has access too.

Dated: 4.7.25

LIFEBACK LAW FIRM, P.A.

Wesley W. Scott- #0264787
Counsel for Debtor
13 7th Avenue South
St. Cloud, MN 56301

### Verification

I, Sandra L Ford, Debtor in the above entitled Chapter 7 Bankruptcy case, declare under penalty of perjury that the foregoing is true and correct, according to the best of my knowledge, information and belief.

Dated: April 7, 2025                         Signed: /Sandra L Ford/

**Wes Scott**

| | |
|---|---|
| From: | Amanda Rosback |
| Sent: | Friday, January 10, 2025 2:46 PM |
| To: | Wes Scott |
| Cc: | Silvan Lavila |
| Subject: | Sandra Ford |



Hi!

The only remaining missing item is: Bank statements showing the deposits of funds she received from her ex-husband. Silvan, Sandra said she will send them to you.

Sincerely,

Amanda Rosback

Amanda@LifeBackLaw.com
Direct Number: 320-258-7296
Office Number: 320-252-0330
My office location is: St. Cloud
How am I doing? Speak to my boss: Wes@LifeBackLaw.com

*This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you!*

1