# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Sandra Lee Ford,

        Debtor.

Chapter 7
Case No. 23-50435

## TRUSTEE'S REPLY TO DEBTOR'S RESPONSE TO MOTION TO COMPEL TURNOVER OF ESTATE PROPERTY

The Trustee has reviewed the Debtor's response to the Trustee's motion to compel turnover of estate property. While the Trustee does not believe that all information requests have been fully complied with, the Trustee hereby withdraws its current motion, and will make additional requests to follow up on the information provided to date. Email correspondence to this effect dated yesterday, before the Trustee's receipt of the Debtor's response is attached.

The Trustee further notes that the Debtor's response is replete with incorrect information. If the Court is interested in a full response, the Trustee will be available for the hearing today at 3:30 p.m.

                              Ahlgren Law Office, PLLC

Dated: April 8, 2025         /e/Erik A. Ahlgren
                                    Attorney #191814
                                    220 West Washington Ave, Ste 105
                                    Fergus Falls, MN 56537
                                    Office: 218-998-2775
                                    erik@ahlgrenlawoffice.net

                                    ATTORNEY FOR TRUSTEE

## Verification.

I, Erik A. Ahlgren, the moving party named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.


Dated: April 8, 2025                     Signed:  /e/ Erik A. Ahlgren

| From: | Erik Ahlgren |
|---|---|
| To: | Julie McMonigal |
| Cc: | Lisa Ahlgren |
| Subject: | RE: Sandra Ford Bky 23-50435 |
| Date: | Monday, April 7, 2025 4:46:00 PM |

Wesley,

Whether you consider them to be new requests or not, please provide:

1. The claimed Allstate check showing who it was paid to, or a verified explanation of what she has done to provide the requested information regarding the contractor payments described in the schedules.
2. Chase Credit Card Services statements from June – August, 2023. If that is not possible, explain the basis on which you made the SOFA description of these payments along with an affidavit to explain the actions taken by the Debtor to obtain the statements.
3. If there was a settlement of the payments owed by her ex-husband to her as referred to in your April 1 email, a copy of the settlement agreement. If that is not possible, any documents the Debtor has regarding the agreement along with a verified statement to describe the settlement including but not limited to a description of the dispute settled and the payments or other consideration for the settlement.
4. A copy of the $10,000 July 12, 2023 bank check, along with documentation to show who received the cash from the check.
5. A verified statement, including any applicable documentation, to describe how she spent the $1,000 cash disbursement from July 10, 2023 and the $5,000 cash withdrawal from July 12, 2023.

Erik

---

**From:** Julie McMonigal <juliem@lifebacklaw.com>
**Sent:** Monday, April 7, 2025 4:03 PM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Lisa Ahlgren <lisa@ahlgrenlaw.net>
**Subject:** RE: Sandra Ford Bky 23-50435

Erik:

At this point your turnover motion demands have been met.

Debtor will not agree to any new demands in exchange for withdrawing the motion.

We are filing our response momentarily.

Wes

## *Julie McMonigal (She/Her)*

*Fun Fact: My personal best catch was a Northern Pike 41 inches, weighing 16 pounds on West Rush Lake!*
*How am I doing? Speak to my boss: Danielle@lifebacklaw.com*
*My office location is: St. Cloud*
Phone: (800) 551-3292
Direct Dial: 320-258-7289

*This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.*

---

**From:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Sent:** Monday, April 7, 2025 3:55 PM
**To:** Julie McMonigal <juliem@lifebacklaw.com>
**Cc:** Lisa Ahlgren <lisa@ahlgrenlaw.net>
**Subject:** RE: Sandra Ford Bky 23-50435

Wesley,

While not complete, there has been significant progress made on the requested information and I am willing to withdraw the turnover motion, if the Debtor will agree to provide:

1. The claimed Allstate check showing who it was paid to, or a verified explanation of what she has done to provide the requested information regarding the contractor payments described in the schedules.
2. Chase Credit Card Services from June – August, 2023. If that is not possible, explain the basis on which you made the SOFA description of these payments along with an affidavit to explain the actions taken by the Debtor to obtain the statements.
3. If there was a settlement of the payments owed by her ex-husband to her as referred to in your April 1 email, a copy of the settlement agreement. If that is not possible, any documents the Debtor has regarding the agreement along with a verified statement to describe the settlement including but not limited to a description of the dispute settled and the payments or other consideration for the settlement.
4. A copy of the $10,000 July 12, 2023 bank check, along with documentation to show who received the cash from the check.
5. A verified statement, including any applicable documentation, to describe how she spent the $1,000 cash disbursement from July 10, 2023 and the $5,000 cash withdrawal from July 12,

2023.

Erik

---

**From:** Julie McMonigal <juliem@lifebacklaw.com>
**Sent:** Monday, April 7, 2025 12:46 PM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Lisa Ahlgren <lisa@ahlgrenlaw.net>
**Subject:** RE: Sandra Ford Bky 23-50435

Erik:

Debtor states she received a total of 38k from husband and no more.

Thanks!

Wes

### Julie McMonigal (She/Her)

Fun Fact: My personal best catch was a Northern Pike 41 inches, weighing 16 pounds on West Rush Lake!
How am I doing? Speak to my boss: Danielle@lifebacklaw.com
My office location is: St. Cloud
Phone: (800) 551-3292
Direct Dial: 320-258-7289

*This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.*

---

**From:** Julie McMonigal
**Sent:** Monday, April 7, 2025 12:22 PM
**To:** 'Erik Ahlgren' <Erik@Ahlgrenlawoffice.net>
**Cc:** Lisa Ahlgren <lisa@ahlgrenlaw.net>
**Subject:** RE: Sandra Ford Bky 23-50435

Eric:

Update. Debtor's recollection about the money paid to contractor was refreshed.

She states her pipes froze and Allstate wrote her a check and then she turned around and signed the Allstate check over to contractor.

So to be clear, Debtor does not believe any of the monies coming out of the WF were for the contractor. She also doesn't believe any of the contractor money came out of the Wyoming bank account.

I have her check with Allstate to see if she can get copies of the check made out to her which she signed over to contractor.

Thanks!
Wes.

### Julie McMonigal (She/Her)

Fun Fact: My personal best catch was a Northern Pike 41 inches, weighing 16 pounds on West Rush Lake!
How am I doing? Speak to my boss: Danielle@lifebacklaw.com
My office location is: St. Cloud
Phone: (800) 551-3292
Direct Dial: 320-258-7289

*This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.*

---

**From:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Sent:** Monday, April 7, 2025 10:22 AM
**To:** Julie McMonigal <juliem@lifebacklaw.com>
**Cc:** Lisa Ahlgren <lisa@ahlgrenlaw.net>
**Subject:** RE: Sandra Ford Bky 23-50435

Wesley,

We reviewed the Wells Fargo Bank statements which were provided on Friday, April 4.

The date of filing was August 30, 2023 and we see the following:

| | | |
|---|---|---|
| 7/5/2023 | 20,000 | e-deposit; was this from the ex-husband? You previously provided bank statement showing two post-petition deposits of $9,000 each, one on June 3 and one on June 5, which you tell me are from the ex-husband. This would be a total of $38,000 but it is my understanding that the divorce court asset equalization amount was $30,000. Your April 1 email, stated: "This amount is not the |

|  |  | same as the divorce decree because they got into state court fights resulting in a settlement." Please explain and provide a copy of the settlement agreement or other supporting documentation. |
| --- | --- | --- |
| 7/10/23 | -1,000 | Cash disbursement |
| 7/12/23 | -10,000 | Purchase of bank check - who was the check written to? |
| 7/12/23 | -5,000 | Cash withdrawal |
| 8/30/23 | Bankruptcy Filing Date |  |

There was $16,000 in cash disbursed from the Debtor's account within 45 days of the Debtor filing her bankruptcy petition. None of this was disclosed on the petition or schedules.

Please provide a full explanation, verified by the Debtor, and including documentation.

Erik

---

**From:** Erik Ahlgren
**Sent:** Sunday, April 6, 2025 10:00 PM
**To:** Julie McMonigal <juliem@lifebacklaw.com>
**Cc:** 'Lisa Ahlgren' <lisa@ahlgrenlaw.net>
**Subject:** Sandra Ford Bky 23-50435

Wesley,

Each of my turnover requests are listed in bold below. My open questions are highlighted in yellow.

**A. The mailing address for Jeffrey Woodson;**

- Completed: Jeffrey Woodson, 2207 Reba Rd 3320, Spring, TX 77380

**B. All credit card statements for June – August 2023;**

- You have told me that the Debtor does not have access to these.
- The Debtor's bankruptcy petition says that there was $1,500 paid to Chase Credit Card Services from June – August. I assume, to make that statement, you have copies of the credit card statements. Please provide them. If that is not possible, explain the basis on which you made these statements along with an affidavit to explain the actions taken by the Debtor to obtain the statements.

**C. Bank statements and copies of deposits evidencing the Debtor's ex-husbands payments to Debtor pursuant to their divorce decree;**

- You provided bank statement showing two post-petition deposits of $9,000 each, one on June 3 and one on June 5, which you tell me are from the ex-husband. I am looking for a full accounting of money received by the Debtor from her ex-husband pursuant to the divorce decree. I am not looking just for payments received post-petition. Please provide a full accounting of money received in payment of the property settlement from the divorce decree.
- Also, from your April 1 email, I do not understand your statement: "This amount is not the same as the divorce decree because they got into state court fights resulting in a settlement." Please explain.
- Your email on Friday, 4/4 from 10:21 am includes the attached bank statement and says "This should cover C and D". If the attached bank statement shows the payments, please identify them.

**D. Documentation of the payments to the contractor as described in her schedules.**

- You have stated that the payment to the contractor who defrauded her was from a Wyoming MN bank account that is closed and she has no access to.
- Your email on Friday, 4/4 from 10:21 am includes the attached bank statement and says "This should cover C and D". If this bank statement shows the payment to the contractor, please identify it. If this is not the bank account, provide the name of the bank, the bank account number and the names on the account.

# Erik A. Ahlgren | Attorney

Wells Fargo Center
Suite 105 (East Entrance)
220 West Washington Ave
Fergus Falls, MN 56537

Office: 218-998-2775
Fax: 218-998-6404
Cell:  218-205-7356
erik@ahlgrenlawoffice.net

This message and any attachments are intended only for the named recipient(s), and may contain information that is confidential, privileged, attorney work product, or exempt or protected from disclosure under applicable laws and rules. If you are not the intended recipient(s), you are notified that the dissemination, distribution, or copying of this message and any attachments is strictly prohibited. Please notify the sender if this email reaches you and you are not the intended recipient(s). If this communication concerns negotiation of a contract or agreement, the Uniform Electronic Transactions Act ("UETA") does not apply to this communication.  To comply with IRS requirements, you are informed that any tax advice contained in this communication (including any attachments) cannot be used for the purpose of avoiding tax-related penalties under the Internal Revenue Code.